Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Christopher R. Houk, AZ Bar #020843
**Equal Employment Opportunity Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Telephone: (602) 640-5049
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
        sally.shanley@eeoc.gov
        christopher.houk@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>           Plaintiff,<br><br>      vs.<br><br>AN Luxury Imports of Tucson, Inc., a Delaware Corporation, Autonation USA Corp., a Florida Corporation,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMAND)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis national origin and to provide appropriate relief to Joachim Bannes and Zbigniew Orlinski, who were adversely affected by such practices during their employment by AN Luxury Imports of Tucson, Inc. and Autonation USA Corp. The Equal Employment Opportunity Commission alleges that Joachim Bannes and Zbigniew Orlinski were subjected to harassment by BMW supervisors and co-workers because of their national

origins. The EEOC also alleges that Joachim Bannes and Zbigniew Orlinski were subjected to retaliation when they complained of the national origin harassment. The retaliation included, but was not limited to, changes in the terms and conditions of their employment which culminated in their retaliatory terminations.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

2

4.  At all relevant times Defendant AN Luxury Imports of Tucson, Inc., a Delaware corporation, has continuously been doing business in the State of Arizona and the City of Tucson, Arizona and has continuously had at least fifteen employees.

5.  At all relevant times Defendant AN Luxury Imports of Tucson, Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

6.  At all relevant times Defendant Autonation USA Corp., a Florida corporation, has continuously been doing business in the State of Arizona and the City of Tucson, Arizona and has continuously had at least fifteen employees.

7.  At all relevant times Defendant Autonation USA Corp., a Florida corporation, has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

8.  More than thirty days prior to the institution of this lawsuit, Joachim Bannes filed a charge with the Commission alleging violations of Title VII by Defendants.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

9.  Since at least February 2007, Defendants have engaged in unlawful employment practices at their Arizona place of business in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  These unlawful employment practices include the

harassment of Joachim Bannes and Zbigniew Orlinski because of their national origins (German and Polish, respectively), which created a hostile work environment. These practices include, but are not limited to, the following:

a. Defendants' co-workers, team leads, and supervisors subjected Joachim Bannes an estimated 300 incidents of harassment which included calling him "Nazi", **"**f…ing Nazi**"**, "Jew killer", and "German spy", mocking his German accent, repeatedly making a Nazi salute to him, and placing pictures of Adolf Hitler on his toolbox.

b. Mr. Bannes complained to the harassers, including managers, but Defendants took no action and the national origin harassment continued.

c. At least one co-worker of Mr. Orlinski's and at least one team leader subjected Mr. Orlinski to national origin harassment, including calling him a "f…ing Pollock" and a "dumb Pollock", at least every other day for approximately a year.

d. Mr. Orlinski complained to the harassers, including managers, but Defendants took no action and the national origin harassment continued.

10. The words and conduct described in Paragraph 9 created a hostile work environment based on national origins of Joachim Bannes and Zbigniew Orlinski.

11. Defendants knew or should have known about the hostile work environment based upon national origin and failed to promptly correct the harassment.

12. Since at least February 2007, Defendants have engaged in unlawful employment practices at their Arizona place of business in violation of Section 704(a) of

Title VII, 42 U.S.C.§ 2000e-2(a) when it retaliated against the Joachim Bannes and Zbigniew Orlinski for opposing the hostile work environment based on national origin. This retaliation included, but was not limited to, the following:

  a. Defendants subjected the Joachim Bannes and Zbigniew Orlinski to unreasonable disciplinary actions.

  b. Defendants forced Mr. Orlinski to move his station and work outside in the heat and cold.

  c. Defendants deprived Mr. Bannes of training opportunities.

  d. Defendants terminated Mr. Bannes within days of him announcing his intention to call the 1-800 hotline for reporting harassment.

  e. Defendants terminated Mr. Orlinski within a month of his last complaint of harassment made to management.

 13. The effect of the practices complained of in Paragraphs 9-12 above has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their national origins and in retaliation for their opposition to the hostile work environment on the basis of national origin.

 14. The unlawful employment practices complained of in Paragraphs 9-12 were intentional.

 15. The unlawful employment practices complained of in Paragraphs 9-12 above were done with malice and/or with reckless indifference to the federally protected rights of the Claimants employed by Defendants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in the discrimination against, harassment of, and retaliation against employees because of national origin and any other employment practice which discriminates on the basis of national origin.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for German and Polish employees and those employees who opposed the hostile work environment, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Joachim Bannes and Zbigniew Orlinski by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu of reinstatement.

D. Order Defendants to make whole Joachim Bannes and Zbigniew Orlinski, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 9-12 above, including job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.  Order Defendants to pay Joachim Bannes and Zbigniew Orlinski by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 9-12 above, including, but not limited to, emotional pain, suffering, physical injury, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay Joachim Bannes and Zbigniew Orlinski punitive damages for their malicious and/or reckless conduct described in Paragraphs 9-12 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 28th day of September, 2011.

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE 5th Floor
Washington, D.C. 20507-0004

7

/s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

/s/ Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

/s/ Christopher R. Houk
CHRISTOPHER R. HOUK
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- PHOENIX DISTRICT
OFFICE
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012